Dawson Morton
Cal. SBN 320811
Santos Gomez
Cal. SBN 172741
Maria Esmeralda Vizzusi,
Cal. SBN 289908
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: 831-228-1560
Fax: 831-228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com
esmeralda@lawofficesofsantosgomez.com

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RAUL MAGANA-MUNOZ and JOSE SANTIAGO HERRERA-VERA, others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST COAST BERRY FARMS, LLC, and RANCHO NUEVO HARVESTING, INC.,<br><br>Defendants. | CIVIL ACT. NO.:<br><br>COMPLAINT<br><br>RULE 23 CLASS<br><br>JURY TRIAL DEMANDED |

1.     Plaintiffs are temporary farmworkers employed by Defendants in the harvest of strawberries and other crops.

2.     Plaintiffs bring this complaint to assert their right to pay for all hours of work, reimbursement of their necessary expenses, overtime under California law, pay for nonproductive time, meal and rest break wage premiums, and breach of contract.

3.     Plaintiffs were compensated on a piece rate and hourly basis but Defendants excluded from compensation significant periods of time including morning and evening waiting and transportation

1  time.  Defendants practices underreported the number of hours that Plaintiffs worked resulting in

2  unpaid minimum and overtime wages.

3  II. JURISDICTION AND VENUE

4  4.      This Court has jurisdiction of this action pursuant to:

5              a.   28 U.S.C. § 1331 (Federal Question);

6              b.   29 U.S.C. § 1337 (Interstate Commerce);

7              c.   29 U.S.C. § 1854(a) (Agricultural Worker Protection Act); and

8              d.   28 U.S.C. § 1367 (Supplemental).

9  5.      This Court has supplemental jurisdiction over the state law claims because they are so

10  related to Plaintiffs' federal claims that they form part of the same case or controversy under Article

11  III, Section 2 of the U.S. Constitution.

12  6.      **Intradistrict Assignment.**  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)

13  and N.D. Ca. Local Rule 3.2 because a substantial part of the claims arose in the Northern District

14  of California and because the Defendants do business in Monterey County.

15  **PARTIES**

16  7.      Plaintiff Raul Magana-Munoz worked for Defendants in the 2018 season.

17  8.      Plaintiff Jose Santiago Herrera-Vera worked for Defendants in the 2018 season.

18  9.      Plaintiffs FLSA consent forms are attached as Exhibit A to this Complaint.

19  10.     Plaintiffs and others similarly-situated were H-2A agricultural guest workers admitted into

20  the United States to work under the auspices of the H-2A program, 8 U.S.C. § 1188 and 20 C.F.R.

21  §§ 655.0-655.185.

22  11.     Defendant Rancho Nuevo Harvesting, Inc. is a California corporation.

23  12.     Defendant Rancho Nuevo Harvesting is a farm labor contractor licensed by the State of

24  California with license number FLC000231183 and by the U.S. Department of Labor with license

25  number C-09-575546-J-21-R.

26  13.     Defendant Rancho Nuevo Harvesting is not licensed by the U.S. Department of Labor to

27  transport or house agricultural workers.

28

14.     Defendant Rancho Nuevo Harvesting has a principal place of business of 1225 La Brea Ave, Santa Maria, California.

15.     Defendant Rancho Nuevo Harvesting may be served with process through its registered agent, Jessica Manriquez.

16.     Jessica Manriquez also serves as Defendant Rancho Nuevo Harvesting's Chief Executive Officer, Secretary and Chief Financial Officer.

17.     Defendant Rancho Nuevo Harvesting hires, employs and furnishes migrant and seasonal agricultural workers for a fee and is a farm labor contractor as defined by 29 U.S.C. § 1802(7) under the federal Agricultural Worker Protection Act and by California law at Cal. Labor Code 2810.3.

18.     Defendant West Coast Berry Farm, LLC is a grower, packer and shipper of agricultural products.

19.     Defendant West Coast Berry Farm contracted Defendant Rancho Nuevo Harvesting to provide labor for its crops.

20.     Defendant West Coast Berry Farm, LLC is a limited liability corporation formed in California with a principal place of business at 4324 E. Vineyard Ave, Oxnard, California.

21.     Defendant West Coast Berry may be served with process through its registered agent Robert B. Jones, 4324 E. Vineyard Ave, Oxnard, California.

22.     Defendant West Coast Berry's supervisor was present, at times, supervising Plaintiffs and others similarly situated and had the power to direct that work stop, that work change location or that other correction or changes be made to work conditions.

23.     Defendants West Coast Berry and Rancho Nuevo Harvesting had over $500,000 in annual sales during the applicable time period.

24.     Based on the business arrangement between Defendant West Coast Berry Farm and Defendant Rancho Nuevo Harvesting, Defendant West Coast Berry Farms was a client employer under California law.

## THE H-2A PROGRAM

25.     The H-2A program was created by 8 U.S.C. § 1188 and is implemented pursuant to the regulations found at 20 C.F.R. §§ 655.0-655.185. An agricultural employer in the United States may

import H-2A workers if the United States Department of Labor ("U.S. DOL") certifies that (1) there are not enough U.S. workers to perform the job and (2) the employment of H-2A workers will not adversely affect the wages and working conditions of U.S. workers who are similarly employed. 8 U.S.C. § 1101(a)(15)(H)(ii)(a); 8 U.S.C. § 1188(a)(1).

26.     Employers must file a temporary labor certification application with the U.S. DOL's Employment and Training Administration. 20 C.F.R. § 655.130 (2010). The application has to include a job offer, known as a "job order," that complies with the requirements of 20 C.F.R. § 655.122. The job order contains the terms to be offered to both foreign H-2A workers and domestic workers throughout the United States. *See* 20 C.F.R. § 655.121(a)(2).

27.     The terms and conditions of the job orders, together with the requirements of 20 C.F.R. part 655, constituted employment contracts for Plaintiffs, Opt-in Plaintiffs, and others similarly situated. 20 C.F.R. § 655.103(b) (definition of "work contract").

28.     The H-2A employment contracts at issue here incorporate a regulatory definition of employer found at 20 C.F.R. § 655.103(b) and contained the promise to "comply with applicable Federal, State and local law and regulations." 20 C.F.R. § 655.135(e).

29.     In 2018, Defendant Rancho Nuevo Harvesting submitted job orders to the U.S. DOL. The 2018 job orders, under which Plaintiffs worked, are attached as Exhibits B, C and D to this Complaint.

30.     The job orders were signed by Jessica Manriquez.

31.     In the employment contracts, the Defendants promised that each worker would earn at least the AEWR [Adverse Effect Wage Rate], the prevailing hourly or piece rate wage, or the federal or state minimum wage, whichever is higher, for all hours worked in the payroll period. Exhibit B at *26, Addendum to the ETA 790 form ("Item 17: Wage Rates, Special Pay Information, and Deductions"). The employment contracts also promised overtime and expressly stated that "The Employer abides by California Wage Order 14[.]" Ex. B at * 27 (page 19 of Addendum).

32.     The employment contracts promised to pay the applicable AEWR, which was $13.18 in 2018 and $13.92 in 2019. 82 Fed. Reg. 60628 (Dec. 21, 2017); 83. Fed. Reg. 66306 (Dec. 26, 2018); Ex. B at page 18 of addendum.

33.     The employment contracts also state that the Defendant Rancho Nuevo Harvesting will provide daily transportation to their H-2A workers between the employer-provided housing and the worksite at no cost to the worker, as required by 29 C.F.R. § 655.122(h)(3). Exhibit B at 4 (Item 19).

34.     Finally, by participating in the H-2A program and importing workers from abroad, the Defendants are bound to abide by the wage and payroll requirements, including those at 20 C.F.R. §§ 655.120(a), 655.122(a), 655.122(c), 655.122(j), 655.122(k), 655.122(l), and 655.103(b).

35.     Upon information and belief, as part of their petition to import foreign workers, Defendants Rancho Nuevo Harvesting and West Coast Berry Farms entered into a contract for Rancho Nuevo Harvesting to act as a labor contractor for Grower West Coast Berry Farms.

36.     Upon information and belief, Defendant West Coast Berry Farms directed when and where fields were to be harvested and sent its supervisors to review the harvest work.

37.     Defendant West Coast Berry Farms controlled what benefits were provided to Plaintiffs and the H-2A class based on what items Defendant West Coast Berry elected to pay.  Plaintiffs and the H-2A worker class were economically dependent on Defendant West Coast Berry Farms.

ALLEGATIONS OF CLASS REPRESENTATIVE

38.     Plaintiffs were recruited in and around portions of the state of Michoacan, Mexico.

39.     Plaintiffs were informed of positions harvesting strawberries in the United States and that they would need to obtain passports.

40.     For recruitment, Defendants used an agent in Mexico, Hilda Herrera Miranda based in San Luis, Sonora, Mexico.

41.     Defendants' agent communicated and arranged Plaintiffs' recruitment to come from the state of Michoacan, Mexico to work in California.

42.     Plaintiffs travelled to purchase passports at an approximate cost of 1,550 Mexican pesos.

43.     Plaintiffs also paid the cost of their travel to obtain passports.

44.     Plaintiffs were transported by bus arranged by Defendants from Michoacan to Tijuana, Baja California.

45.     Plaintiffs incurred subsistence expenses on the bus trip from Michoacan to Tijuana.

46.     In Tijuana, Plaintiffs met Defendants' recruiter and paid in excess of 3000 Mexican pesos in cash for the H-2A visa fee.

47.     Plaintiffs waited multiple days in Tijuana for the process of fingerprinting, consular interviews and awaiting their visas.

48.     After receiving their visas, Plaintiffs travelled from Tijuana to Ventura, California in bus transportation arranged by Defendants.

49.     Plaintiffs overall trip from their homes in Michoacan to Defendants work sites in Ventura, California, took in excess of four days.

50.     The costs detailed above were necessary to Plaintiffs' and others similarly situated employment by Defendants.

51.     Defendants only reimbursed the $190 visa expense to Plaintiffs.

52.     Defendants failed to reimburse Plaintiffs and others similarly situated for their passport, additional travel and subsistence expenses incurred as necessary expenses in coming to work for Defendants.

53.     Plaintiffs' first work week with Defendants included less than one hour of pay and was insufficient to cover the expenses Plaintiffs had incurred in coming to work for Defendants.

54.     Plaintiffs were housed, initially in Ventura, in housing selected by Defendants.

55.     Plaintiffs were transported to Defendants work sites in vehicles operated by Defendant Rancho Nuevo Harvesting and Plaintiffs were required to use the transportation as a condition of their employment.

56.     Defendants had a daily work schedule that transported Plaintiffs to the work sites well in advance of the start of their shifts.

57.     Plaintiffs spent time, prior to the start of their shifts, awaiting assignment in Defendants' field locations.

58.     Typically, Plaintiffs shifts began at 7 am.

59.     Plaintiffs were transported by Defendants to arrive at the work site well in advance of the 7 a.m. start time.

60.     The time Plaintiffs, and other crew members, spent being transported and the time spent engaged to wait in the field before being allowed to start to work were not recorded or compensated by Defendants.

61.     Defendant Rancho Nuevo Harvesting supervisors requested that Plaintiffs and others similarly situated perform pre-shift exercises.

62.     The time Plaintiffs and others similarly situated spent performing the pre-shift exercises was not recorded or compensated by Defendants.

63.     Specifically, Defendants failed to record the field arrival time and the start of work of Plaintiffs and members of the Class that occurred prior to the scheduled shift start times.

64.     As a result of their practice of failing to record all hours worked, Defendants, without justification, did not pay wages in keeping with California wage statutes and paid wages below those required by California law and the parties employment contract.

65.     Plaintiffs and others similarly situated regularly worked for a piece rate based on the units of production with an understanding that all nonproductive time would be paid separately.

66.     Defendants were obligated to compensate Plaintiffs nonproductive time at the higher of Plaintiffs' hourly rate or Plaintiffs' average hourly piece-rate earnings.

67.     Defendants failed to compensate Plaintiffs' nonproductive time at the higher rate and paid nonproductive time at only the contractual AEWR hourly rate.

68.     Defendants provided rest periods at 8:30 a.m. and 2:30 p.m.

69.     Defendants provided a thirty-minute lunch meal period at 11:30 a.m.

70.     Defendants automatically deducted thirty minutes from the daily hour totals of Plaintiffs and members of the Class for this meal period.

71.     Plaintiffs and other workers similarly situated had to exit the field to take their meal period and because of the time to exit and return to their work location, Plaintiffs were not allowed a thirty-minute meal period in which they were fully relieved of their duties.

72.     Plaintiffs, and other workers similarly situated, did not receive a meal period before the start of their fifth hour of work after inclusion of the unrecorded time at the beginning of the work day.

73.     Time spent off-the-clock by Plaintiffs and members of the Class before the scheduled start of their shifts, during their thirty minute unpaid meal periods, and after the scheduled end of their shifts, constitutes hours worked that has gone and continues to go unpaid by Defendants.

74.     Defendants scheduled Plaintiffs initially to work in the Ventura/Oxnard area of California.

75.     When Defendants completed their work in the Ventura/Oxnard area, Defendants transported Plaintiffs and other workers, by bus, to a new job site in the Salinas area of Monterey County.

76.     The transportation of Plaintiffs occurred during the day and, in part, during normal working hours.

77.     The transportation of Plaintiffs and other workers from the Ventura/Oxnard job sites to the Monterey/Watsonville job sites was compensable time.

78.     Defendants did not pay Plaintiffs any compensation for their travel time to the Monterey/Watsonville are.

79.     At all times relevant to this action, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and members of the Class were entitled to receive all meal periods or payment of one additional hour of pay at the regular rate of pay when a meal period was missed, late, or incomplete.

80.     At all times relevant to this action, Plaintiffs and members of the Class were not paid meal period premium wages for each late, short or missed meal period.

81.     On information and belief, Defendants knew, should have known, or otherwise showed willful and reckless disregard for the requirement that Plaintiffs and members of the Class were entitled to receive all rest periods or payment of one additional hour of pay at the regular rate of pay when a rest period was missed or incomplete, and that they did not receive payment of one additional hour of pay at the regular rate of pay when a rest period was missed or incomplete.

82.     Plaintiffs and members of the Class regularly worked in excess of 3.5 hours in a day without being provided an off duty and uninterrupted ten (10) minute rest period, and regularly worked more than six (6) hours in a day without a second uninterrupted ten (10) minute rest period.

83.     Defendants did not pay Plaintiffs and other workers similarly situated rest period premium wages for late, short or missed rest periods.

84.     The wage and time recording violations also caused minimum and overtime violations as Defendants failed to accurately record all compensable hours worked underreporting Plaintiffs' work hours and thereby underreporting and underpaying minimum and overtime wages.

85.     At the conclusion of Plaintiffs and other workers similarly situated employment, Defendants failed to provide or pay for return transportation to the place from which the workers had come to work for the employer.

86.     Defendants were contractually obligated to pay such return transportation.

87.     Transportation returning Plaintiffs to the place from which they had come was for the benefit of the employer as it was the contractual obligation of the employer.

88.     Defendants provided Plaintiffs and others similarly situated $90 dollars to use to cover their return trip expenses.

89.     The amount Defendants provides was less than half of Plaintiffs' actual cost to return to their homes in Mexico and failed to cover even the cost of common carrier transportation, let alone Plaintiffs' subsistence expenses.

**CLIENT EMPLOYERS**

90.     Defendant West Coast Berry Farms, LLC is a California limited liability company, engaged in the business of growing, harvesting, processing, cooling and marketing agricultural products including specifically fresh market berries.

91.     Defendant Rancho Nuevo Harvesting, Inc. is a farm labor contractor registered with the state and federal governments.

92.     Defendant Rancho Nuevo Harvesting listed West Coast Berry Farms, LLC on the paystubs provided to Plaintiffs and others similarly situated.

93.     **West Coast Berry Farms is a client employer.** On information and belief, Defendant West Coast Berry Farms owns, leases or controls agricultural property in and around Monterey and Ventura County, California.

94.     Defendant Rancho Nuevo Harvesting served as a labor contractor for Defendant West Coast Berry in that it supplied Defendant West Coast Berry with workers as part of the usual course of

business to provide agricultural labor in connection with the production of strawberries and/or other agricultural crops for Defendant West Coast Berry.

95.     At all times relevant to Plaintiffs' claims, Defendant West Coast Berry had a workforce of at least 25 workers, including workers supplied by Defendant Rancho Nuevo Harvesting.

96.     Based on the arrangements between Defendants, Defendant West Coast Berry was Plaintiffs' client employer under California Labor Code § 2810.3 with respect to all hours worked. As such, Defendant West Coast Berry is liable to Plaintiffs and others similarly situated for all unpaid wages to the same extent as Defendant Rancho Nuevo Harvesting.

97.     **Defendant West Coast Berry Farms is a joint employer.**  Through the relationship described in paragraphs 90 through 96, Defendant West Coast Berry had the power to control Plaintiffs' work.

98.     The hand-harvesting work Plaintiffs performed was an integral step in Defendant West Coast Berry's overall business of producing and selling strawberries and other agricultural products.

99.     Upon information and belief, Plaintiffs and other workers similarly situated performed their work on land controlled by Defendant West Coast Berry directly or through its officers and agents.

100.    The working relationship between Plaintiffs and other similarly situated workers and Defendant West Coast Berry was present throughout the duration of their seasonal employment.

101.    Defendant Rancho Nuevo Harvesting listed Defendant West Coast Berry, or an acronym, WCB, as the grower for most work on Plaintiffs' paystubs and those of others similarly situated.

102.    Defendant West Coast Berry employed drivers, supervisors and other harvest employees who worked directly with Plaintiffs and others similarly situated in the harvest of Defendant West Coast Berry's crop.

103.    Defendant West Coast Berry controlled property upon which Plaintiffs labored, and provided investment capital, which as a matter of economic reality, Plaintiffs and the class of other workers similarly situated were economically dependent on Defendant West Coast Berry.

104.    For each action taken by Defendant Rancho Nuevo Harvesting in furtherance of their business arrangement with Defendant West Coast Berry —including, *inter alia*, recruiting, hiring,

1  supervising, and paying workers, Defendant Rancho Nuevo Harvesting acted as an agent of

2  Defendant West Coast Berry.

3  105.    Those actions not expressly authorized by Defendant West Coast Berry were ratified by

4  Defendant West Coast Berry's acceptance of Defendant Rancho Nuevo Harvesting's continued

5  supervision and recruitment of workers for Defendant West Coast Berry.

**CLASS ACTION ALLEGATIONS**

7  106.    **Proposed Class.** Plaintiffs brings this action pursuant to Rule 23 of the Federal Rules of

8  Civil Procedure on behalf of the following Class:

9  107.    All workers employed by Defendants at work sites in California pursuant to the terms of an

10 H-2A job order or alongside workers employed pursuant to an H-2A job order and compensated, in

11 part, on a piece rate basis.

12 108.    There is a well-defined community of interest in the litigation and the class is ascertainable:

13 109.    **Numerosity:** The Plaintiff Class is numerous such that the individual joinder of all members

14 is impractical.  While the exact number of class members is unknown to Plaintiffs at this time,

15 Plaintiffs believe that the class consists of more than 200 individual employees. The names and

16 addresses of the Class Members are available from Defendants. Notice can be provided to the Class

17 Members via mail, Facebook, WhatsApp, radio and postings using techniques and a form of notice

18 similar to those customarily used in agricultural class action lawsuits of this nature.

19 110.    **Typicality:** Plaintiffs' claims are typical of the claims of each class member that they seek

20 to represent in that they arise from Defendants' failure to conform their wage and hour practices to

21 the requirements of the federal minimum wage, the H-2A contract, and the California Labor Code

22 and the applicable California Wage Order, resulting in injury to Plaintiffs and the other putative

23 class members.

24 111.    **Common Questions Predominate**:  The questions raised by this Complaint are of common

25 or general interest to the members of the Plaintiff Class, who have a well-defined community of

26 interest in the questions of law and fact raised in this action.  Common questions of law and fact

27 exist as to all members of the Plaintiff Class and predominate over any questions that affect only

28

individual members of the Class. The common questions of law and fact applicable to both classes include, but are not limited to:

    a.  Whether the Defendants failed to reimburse Plaintiffs and others similarly situated for expenses necessarily incurred for Defendants' benefit and/or which were Defendants' contractual obligation;

    b.  Whether Defendants' pay practices, including those of failing to record compensable exercise, pre-shift work tasks, and wait time, conform to the requirements of the California Labor Code, Wage Order 14, and the applicable employment contracts;

    c.  Whether the Defendants failed to pay the wages promised in the employment contracts for all hours worked, as required by California Industrial Welfare Commission Wage Order 14, and California employment statutes;

    d.  Whether the Defendants failed to record and compensate the Plaintiff Class for all hours of work, and thus, failing to pay them minimum wage as required by California Labor Code §§ 1182.11-1182.13, and 1197, and Wage Order 14;

    e.  Whether the Defendants failed to pay all members of the Plaintiff Class their full wages when due in violation of California Labor Code § 201;

    f.  Whether, through the unlawful conduct herein alleged, the Defendants violated Cal. Business and Professions Code § 17200 et seq.;

    g.  Whether the Defendants are liable as joint employers for the actions perpetrated against the Plaintiff Class;

    h.  Whether Defendant West Coast Berry Farms is liable under Labor Code § 2810.3 for the Plaintiff Class' unpaid wages to the same extent as Defendant Rancho Nuevo Harvesting;

    i.  What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and,

    j.  Other common questions of law and fact.

112.   **Adequacy of Plaintiffs as Class Representatives.**  Plaintiffs Magana-Munoz and Herrera-Vera, can adequately and fairly represent the interests of the Plaintiff Class as defined above

1 | because their individual interests are consistent with, not antagonistic to, the interests of the class.

2 | Further, Plaintiffs have no actual or potential conflict with any member of the class.

3 | 113.    **Adequacy of Counsel for the Class.**  Counsel for Plaintiffs possess the requisite resources

4 | and ability to prosecute this case as a class action and are experienced labor and employment

5 | attorneys who have successfully litigated other class action cases involving similar issues.

6 | 114.    **Propriety of Class Action Mechanism.**  Class certification is appropriate under Rule

7 | 23(b)(3) because common questions of law and fact predominate over any questions affecting only

8 | individual members of each Class. Defendants have implemented a scheme that is generally

9 | applicable to the Plaintiff Class, making it appropriate to issue relief, including injunctive relief and

10 | corresponding declaratory relief with respect to the Plaintiff Class.  In particular, the violations of

11 | law perpetrated against all Class Members in this case revolve around the application and

12 | interpretation of the AWPA working arrangement, AWPA disclosure, and AWPA and state

13 | paystubs and wage payment violations. Similarly, the Defendants' liability as joint employers is

14 | based on actions taken with regard to the Plaintiff Class as a whole.  The relationship between

15 | Defendant Growers Express and the Plaintiff Class is also common to members of the class.

16 | 115.    The Plaintiff Class has been injured and is entitled to recover from Defendants for wrongful

17 | conduct and injuries.  Class treatment will allow those similarly-situated persons to litigate their

18 | claims in the manner that is most efficient and economical for the parties and the judicial system.

19 | Further, the prosecution of separate actions against Defendants by individual class members would

20 | create a risk of inconsistent or varying adjudications that would establish incompatible standards of

21 | conduct for Defendants.  For all these and other reasons, a class action is superior to other available

22 | methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – FAIR LABOR STANDARDS ACT

Violation of the Minimum Wage Provisions of the FLSA
(29 U.S.C. §§ 216(b))

27 | 116.    Plaintiffs incorporate paragraphs 7-105, and 106-115 of this Complaint by reference as

28 | though fully set forth herein.

117.    As detailed above, Defendants failed to pay Plaintiffs and others similarly situated at least the required average minimum hourly wage for every compensable hour of labor performed in a workweek, as required by 29 U.S.C. § 206(a).

118.    The violations of the FLSA resulted, in part, from Defendants' failure to reimburse expenses as detailed in paragraphs 38  through 53 above, which Plaintiffs and others similarly situated incurred primarily for the benefit or convenience of Defendants prior to their first week of work or after their last week of work as detailed in paragraphs 85 to 89. When these expenses were subtracted from the Plaintiffs' and Opt-in Plaintiffs' first week's pay and/or last week's pay, as required by law, their earnings fell well below the required average minimum hourly wage for that pay period.

119.    The violations of the FLSA resulted, in part, from Defendants' failure to compensate Plaintiffs and others similarly situated for travel time incurred and required by Defendants in relocating Plaintiffs and other workers, by bus to field in the Monterey County area as further detailed in paragraphs 74 through 78.

120.    Defendants' violations set out in this Count were willful within the meaning of FLSA as Defendants had knowledge of their FLSA obligations, including being informed by the U.S. Department of Labor, and yet still failed to comply with their FLSA obligations.

121.    Pursuant to 29 U.S.C. § 216(b), as a result of Defendants' violations of the FLSA set forth in this Count, Plaintiffs and the Opt-in Plaintiffs are entitled to recover the amount of their unpaid wages and an equal amount as liquidated damages for each workweek in which they were suffered or permitted to work at Defendants' operations and during which they earned less than the applicable minimum wage.

122.    Plaintiffs and the Opt-in Plaintiffs also seek, and are entitled to, reasonable attorneys' fees incurred by their counsel and costs of Court pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF – CALIFORNIA MINIMUM WAGE

123.    Plaintiffs incorporate paragraphs 7-105, and 106-115 of this Complaint by reference as though fully set forth herein.

124.     Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that Defendants' actions violated their rights and the rights of other similarly situated individuals to receive the minimum wage required by California Law.

125.     As described above in paragraph 55 through 64, Defendants did not record portions of Plaintiffs' and class members' work day including compensable pre and post shift work, exercise and waiting time.

126.     The hours, referenced above, were worked without additional payment. Consequently, those hours were completely uncompensated in violation of California's minimum wage laws.  Cal. Labor Code §§ 1182.11-1182.13, 1194, and 1197.

127.     As a result of Defendants' failure to comply with the aforementioned portions of the California Labor Code and Wage Order 14, Plaintiffs and members of the Plaintiff Class have been deprived of wages due them in amounts to be proven at trial, and are also owed liquidated damages for violations of their right to a minimum wage.

128.     Pursuant to Cal. Labor Code § 1194(a), Plaintiffs seek to recover the unpaid balance for all uncompensated hours, and reasonable attorneys' fees and costs. Pursuant to Cal. Labor § 1194.2, Plaintiffs also seek to recover liquidated damages.

129.     Pursuant to Cal. Lab. Code § 2810.3, Plaintiffs and the Plaintiff Class are entitled to recover from the Defendant West Coast Berry Farms for this Second Claim for Relief as further detailed in paragraphs 90 through 96.

**THIRD CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE § 1194 and WAGE ORDER 14**

130.     Plaintiff incorporates the allegations in paragraphs 7 to 115.

131.     Plaintiffs brings this claim pursuant to California Labor Code § 1194 on behalf of themselves and a class of other workers, pursuant to Federal Rule 23(b)(3), and alleges that Defendants have violated California Industrial Welfare Commission Wage Order 14 by failing to accurately record and pay overtime wages for work performed.

132.     Defendants failed to pay Plaintiffs and the Plaintiff Class overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours for the seasons prior to 2019, in excess of nine and a half (9.5) hours for the 2019 season, and in excess of nine (9) hours for the 2020 season, and/or failed to pay overtime based on weekly hours of sixty (60) prior to 2019, fifty-five (55) hours in the 2019 season, and fifty (50) hours in the 2020 season in a workweek as required by California Labor Code § 1194 and Wage Order 14.

133.     Specifically, Defendants failed to accurately record and compensate their field laborers for all compensable hours, including pre and post shift activities, waiting time, nonproductive time, and transportation time as detailed in paragraphs 55 through 63 and 66 through 78.

134.     Plaintiffs and a class of others similarly situated did not receive premium pay for all overtime hours worked as a result of the underreporting of hours.

135.     As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiffs and the class have been deprived of overtime wages due and are entitled to recover their unpaid wages.

136.     Plaintiffs and the class seek the relief described below, including damages in the amount equal to unpaid overtime hours (at the premium rate), pre- and post-judgment interest and attorney's fees and costs pursuant to Cal. Labor Code § 1194.

137.     Pursuant to Cal. Lab. Code § 2810.3, Plaintiffs and the Plaintiff Class are entitled to recover from the Defendant West Coast Berry Farms for their Third Claim for Relief as further detailed in paragraphs 90 through 96.

### FOURTH CLAIM FOR RELIEF
Failure to Provide Meal Periods, or Premium Wages in Lieu Thereof
(Cal. Lab. Code §§ 226.7, 512 & Wage Orders – Rule 23 Class Count)

138.     Plaintiffs incorporate paragraphs 10-30, 70-83, and 106-115 of this Complaint by reference as though fully set forth herein.

139.     Plaintiffs bring this Fourth Claim against Defendants pursuant to California Labor Code §§ 226.7 and 512 to enforce the meal period provisions of the California Labor Code.  This count is brought as a Rule 23 class claim.

140.    California Labor Code § 512 and Section 11 of Wage Order 14 impose an affirmative obligation on employers to provide employees with an uninterrupted, duty-free, meal period of at least thirty (30) minutes for each work period of five (5) or more hours before the end of the fifth (5th) hour of work.

141.    Labor Code § 226.7 and Section 11 of Wage Order 14 require employers to pay employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

142.    Defendants failed to relieve Plaintiffs and others similarly situated of all duties for uninterrupted meal periods of at least thirty (30) minutes before the end of their fifth (5th) hour of work as detailed in paragraphs 70 to 71 and 79 through 80.

143.    Defendants failed to pay premium wages for each workday in which Plaintiffs and others similarly situated were not provided an uninterrupted and timely thirty (30) minute meal period.

144.    At all times relevant to this action, Defendants have maintained policies and practices with respect to employee scheduling and meal periods that prevent Plaintiffs and others similarly situated from being relieved of all duties for an uninterrupted meal period of at least thirty (30) minutes before the end of their fifth (5th) hour of work, and that fail to pay them premium wages on workdays in which they are not provided a lawful meal period.

145.    As a result of Defendants' meal period practices, Plaintiffs and others similarly situated are entitled to receive premium wage compensation in an amount equal to one hour of additional wages at the applicable or promised rate of pay for each workday that Defendants failed to provide Plaintiffs and others similarly situated lawful meal periods pursuant to Labor Code § 226.7.

146.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, premium wages, interest thereon, and an award of reasonable costs.

**FIFTH CLAIM FOR RELIEF**

Failure to Provide Rest Periods, or Premium Wages in Lieu Thereof

(Cal. Lab. Code §§ 226.2, 226.7, 1198 & Wage Orders – Rule 23 Class Count)

147.    Plaintiffs incorporate paragraphs 10-30, 70-83, and 106-115 of this Complaint by reference as though fully set forth herein.

148.    Plaintiffs bring this Fifth Claim against Defendants pursuant to California Labor Code § 226.7 to enforce the rest period provisions of the California Labor Code.  This count is brought as a Rule 23 class claim.

149.    Section 12 of Wage Order 14 imposes an affirmative obligation on employers to permit and authorize employees to take required uninterrupted rest periods at a rate of no less than ten (10) minutes for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as is practicable.

150.    California Labor Code § 226.7 and Section 12(C) of Wage Order 14 require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

151.    Defendants did not authorize and permit Plaintiffs and others similarly situated to take uninterrupted rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, and failed to pay premium wages in lieu of providing lawful rest periods on such workdays.

152.    At all times relevant to this action, Defendants have maintained policies and practices with respect to employee scheduling and rest periods that have failed to authorize and/or reasonably permit Plaintiffs and the Class from being relieved of all duties for an uninterrupted rest period of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, and which fail to pay them premium wages on workdays in which they are not provided a lawful rest periods.

153.    As a result of Defendants' rest period practices, Plaintiffs and the Class are entitled to receive premium wage compensation in an amount equal to one hour of additional wages at the applicable contractual rate of pay for each workday that Defendants failed to provide Plaintiffs lawful rest periods pursuant to Labor Code § 226.7.

154.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, premium wages, interest thereon, and an award of reasonable costs.

**SIXTH CLAIM FOR RELIEF**

Failure to Indemnify for Necessary Business Expenditures

(Cal. Lab. Code § 2802 – Rule 23 Class Count)

155.    Plaintiffs incorporate paragraphs 7-115 of this Complaint by reference as though fully set forth herein.

156.    Plaintiffs bring this Sixth Claim against Defendants pursuant to California Labor Code § 2802 to enforce the reimbursement and indemnification for business expenses provisions of the California Labor Code.

157.    This count is brought as a Rule 23 class claim.

158.    At all times relevant to this action, Plaintiffs and others similarly situated incurred expenses in direct consequence of the discharge of their duties including, but not limited to, travel and passport expenses as detailed in paragraphs 38 through 52 and 85 through 89.

159.    The expenses not reimbursed were Defendants contractual obligation under the terms of the H-2A job order.

160.    Defendants failed to reimburse Plaintiffs and others similarly situated for the expenditures they incurred in violation of California Labor Code § 2802.

161.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, full reimbursement of necessary business expenditures, interest thereon, and awards of reasonable costs and attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**

Waiting Time Penalties Failure to Pay All Wages Due

(Cal Labor Code § 203 – Rule 23 Class)

162.    Plaintiffs incorporate by reference the allegations in paragraphs 7 to 115.

163.    This count sets forth a claim against all Defendants.

164.    Pursuant to Cal. Labor Code § 203, Plaintiffs bring this claim on behalf of himself and the class, pursuant to Rule 23(b)(3), for all Defendants' failure to pay all outstanding wages due upon separation from employment.

165.    When seasonal employment comes to an end, California law requires an employer

1  immediately pay all wages owed which in no event can be a period greater than 72 hours.  Cal.

2  Labor Code § 201.

3  166.    Where an employer fails to comply with Cal. Labor Code §§ 201, the affected employee is

4  entitled to receive a penalty in the amount of one day's wages for every day that their employer

5  willfully denies this final payment of wages, up to a maximum of 30 days.  Cal. Labor Code § 203.

6  167.    The Defendants did not pay Plaintiffs or similarly situated class members all their wages

7  owed, including payment for all hours worked, overtime premium pay, or their contractually

8  promised wages.

9  168.    Plaintiffs and others similarly situated did not receive these wages in their last paycheck

10  upon the seasonal end of their employment with the Defendants.

11  169.    By failing to compensate Plaintiffs, and similarly situated members of the Plaintiff Class

12  who have quit, been discharged, or whose employment has seasonally ended during the relevant

13  statutory period as required by the California Labor Code and the applicable wage order,

14  Defendants have willfully failed to make timely payment of the full wages due to their former

15  employees in violation of Cal. Labor Code § 201.

16  170.    Pursuant to Cal. Labor Code § 203, Plaintiffs and members of the Plaintiff Class who have

17  quit, been discharged, or whose employment has seasonally ended are entitled to waiting time

18  penalties of up to 30 days' wages per person.

19  171.    Pursuant to Cal. Lab. Code § 2810.3, Plaintiffs are entitled to recover all relief to which

20  they are entitled for this Eighth Claim for Relief from Defendant West Coast Berry with respect to

21  all hours worked in connection with production of strawberries or other crops for Defendant West

22  Coast Berry as future detailed in paragraphs 90 through 96.

23  **EIGHTH CLAIM FOR RELIEF**

24  California's Unfair Competition Law ("UCL")

    (Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Rule 23 Class Count)

25  172.    Plaintiffs incorporate paragraphs 7 through 105 and 106 through 115 of this Complaint by

26  reference as though fully set forth herein.

27

28

173.    Plaintiffs hereby bring this Ninth Claim against Defendants pursuant to California Business & Professions Code §§ 17200 *et seq.* to enforce the provisions prohibiting unlawful and/or unfair business practices of the California Business & Professions Code.

174.    California Business and Professions Code §§ 17200 *et seq.* defines "unfair competition" to include any unlawful business practice.

175.    Plaintiffs sue on behalf of themselves and others similarly situated pursuant to California Business and Professions Code §§ 17200 *et seq.*

176.    Plaintiffs and others similarly situated suffered injury-in-fact and have lost money as a result of Defendants' unfair competition alleged herein.

177.    Plaintiffs and others similarly situated were not paid minimum, overtime and reporting time wages as required by California Labor Code §§ 1182.12, 1194, 1197, 1198, and Industrial Welfare Commission Wage Order 14 at paragraphs 3 and 5; Plaintiffs and others similarly situated were not provided with meal periods, and/or premium wages in lieu thereof, in violation of California Labor Code § 226.7 and Wage Order 14 at paragraph 11; Plaintiffs and others similarly situated were not provided with rest periods, and/or premium wages in lieu thereof, in violation of California Labor Code § 226.7 and Wage Order 14 at paragraph 12; and, Plaintiffs and others similarly situated were not indemnified for necessary business expenditures, in violation of California Labor Code § 2802.

178.    Pursuant to California Business and Professions Code § 17203, Plaintiffs seek, on behalf of themselves and others similarly situated, restitution of all moneys and property, including, but not limited to, earned minimum, reporting, and premium wages that Defendants either acquired, and/or may have acquired, from them by means of unfair competition in amounts subject to proof at trial.

179.    On information and belief, at all times relevant to this action, Defendants have either acquired, or may have acquired, money or property in the form of earned minimum wages, reporting wages and premium wages from Plaintiffs and members of the Class by means of unfair competition as a result of Defendants' unlawful failure to pay them those wages, and related failures to maintain accurate records, indemnify for necessary business expenditures, or timely pay final wages at resignation or termination, in violation of the requirements of the California Labor Code and Wage Order 14.  Defendants, by the acts or omissions alleged of herein, have injured and

are injuring the interests of the general public in that other employers who have been or currently are employing farm workers and attempting to do so in honest compliance with applicable wage and hour laws, including the laws violated by Defendants, are at an unfair competitive disadvantage as a result of Defendants' conduct.

180.    As such, Plaintiffs seek, on behalf of themselves and others similarly situated, an injunction restraining Defendants from maintaining and enforcing the unfair and/or unlawful practices and policies that have resulted in the violations complained of herein, restitution of Plaintiffs' and the Class' wages, and the economic value of benefits unlawfully denied them by Defendants.

181.    In addition, because Plaintiffs are enforcing important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5, they seek payment of attorneys' fees and costs.

**NINTH CLAIM FOR RELIEF**

Failure to Compensate Nonproductive Time

<u>(Cal. Lab. Code § 226(e). – Rule 23 Class Claim)</u>

182.    Plaintiffs incorporate paragraphs 7 through 84 of this Complaint by reference as though fully set forth herein.

183.    Plaintiffs bring this Tenth Claim against Defendants pursuant to California Labor Code § 1194 to enforce California Labor Code § 226.2.  This count is brought as a Rule 23 class claim.

184.    California's minimum wage requirements for nonproductive time and compensation for rest periods in a piece-rate compensation system are set forth in California Labor Code section 226.2. Section 226.2 requires that nonproductive time be paid a rate that is not less than the legal minimum wage, and that rest periods be separately compensated at not less than the average hourly rate, as defined in Labor Code section 226.2.

185.    Defendants failed to compensate Plaintiffs at their average hourly wage rate in violation of California Labor Code 226.2.

186.    As a consequence, Defendants have violated the rights of Plaintiffs and the rights of other current or former employees who worked for Defendants as non-exempt employees.

187.    As such, Plaintiffs seek civil penalties, interest thereon, and awards of reasonable costs and attorney's fees on behalf of themselves, and other current or former employees.

## TENTH CLAIM FOR RELIEF

Breach of Contract

188.    Plaintiffs incorporate by reference paragraphs 7 through 105 and 106 through 115 of this Complaint.

189.    This Count sets forth a claim against all Defendants.

190.    Pursuant to Rule 23(b)(3), Plaintiffs bring this claim on behalf of themselves and the class for Defendants failure to pay the higher of the contractually promised wage rate, the prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the terms of the applicable H-2A job orders.

191.    Plaintiffs and all similarly situated H-2A workers and domestic workers in corresponding employment entered into employment contracts for the work to be performed under the terms and conditions contained in the H-2A job orders, including those attached as Exhibits B, C and D to this Complaint.

192.    Plaintiffs and others similarly situated were promised the higher of the contractual wage rate of $13.18 per hour for the 2018 season, $13.92 per hour for the 2019 season, the prevailing wage or piece rate, or the state or federal minimum wage.

193.    Plaintiffs and others similarly situated were contractually promised payment or reimbursement for their travel costs to the work site.

194.    Plaintiffs and others similarly situated were contractually promised payment or reimbursement for their travel costs from the work site to the place from which the worker had come to work for Defendants.

195.    Plaintiffs and similarly situated workers performed on their relevant employment contracts.

196.    Defendants failed to pay Plaintiffs and others similarly situated for all compensable hours worked at the contractually promised wage rates.

197.    Defendants failed to pay Plaintiffs and the class, in part, because the Defendants did not record or compensate for time in which Plaintiffs and the class were transported in the Defendants'

bus system, or were otherwise engaged in pre or post-shift work as further detailed in paragraphs 54 through 64.

198.    Defendants failed to reimburse Plaintiffs and others similarly situated for their travel and subsistence costs to come from Mexico to the work site in California.

199.    Defendants failed to provide or reimburse Plaintiffs and others similarly situated for their travel and subsistence costs to return to the place from which they had come to work for Defendants.

200.    As a direct and proximate result of this failure, Plaintiffs and the Plaintiff Class have been deprived of contractual wages due based on the federally mandated wage rate, as discussed in paragraphs 31 through 34, and are entitled to recover the amounts due.

201.    Plaintiffs and others similarly situated seek relief as described below, including damages in the amount of the unpaid contractual wages and reimbursements due to them.

202.    Pursuant to Cal. Lab. Code § 2810.3, Plaintiffs and the class are entitled to recover all relief to which they are entitled from Defendants Rancho Nuevo Harvesting from Defendant West Coast Berry Farms with respect to all hours worked in connection with production of strawberries or other crops for Defendants West Coast Berry Farms as future detailed in paragraphs 90 through 96.

203.    Plaintiffs seek their unpaid wages and interest thereupon.


**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs pray for judgment against Defendants and relief as follows:

a)    That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

b)    That the Court certify the class defined herein;

c)    For an order appointing Plaintiffs as class representatives, and Plaintiffs' Counsel as class counsel;

d)    Under Count One:

　　1. Declare that this action may be maintained as a FLSA collective action pursuant to 29 U.S.C. § 216(b) and others similarly situated to opt-in to this action;

2. Grant judgment against Defendants, jointly and severally, and in favor of Plaintiff Gomez-Gasca and each Opt-In Plaintiff in the amount of his or her respective unpaid wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b); and

3. Award Plaintiff his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

e)   Under Count Two:

1.      Grant judgment against Defendants, jointly and severally, and in favor of Plaintiffs and the Class, for violations of California Labor Code §§ 1182.11-1182.13, and 1197, such that:

i.   Plaintiffs and the Class receive the full unpaid balance of their wages owed, as well as liquidated damages in the amount of their minimum wage loss, during the Class Period for the violation of their right to minimum wages pursuant to California Labor Code §§ 1194, 1194.2 and 1197.

ii.  Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's minimum wage requirements.

2.      Find that Defendant West Coast Berry Farms, LLC is liable as a client-employer for the violations under Count Two pursuant to under California Labor Code § 2810.3.

3.      Award Plaintiffs and the Class attorneys' fees and costs pursuant to California Labor Code § 1194(a).

f)   Under Count Three:

1.      Grant judgment against Defendants Rancho Nuevo Harvesting, LLC and West Coast Berry Farms, LLC, jointly and severally, and in favor of Plaintiffs and the Class, for violations of California Labor Code § 1194 such that:

i.   Plaintiffs and the Class receive the full unpaid balance of their premium wages owed during the Class Period.

ii.  Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's overtime requirements.

2.      Find that Defendant West Coast Berry Farms, LLC is liable as a client-employer for the violations under Count Three pursuant to under California Labor Code § 2810.3.

3.    Award Plaintiffs and the Class attorneys' fees and costs pursuant to California Labor Code § 1194(a).

g)   Under Count Four:

1.    Grant judgment against Defendants Rancho Nuevo Harvesting, LLC and West Coast Berry Farms, LLC, jointly and severally during their respective years as employers, and in favor of Plaintiffs and the Class, for violations of California Labor Code § 226.7 such that:

    i.   Plaintiffs and the Class receive the full unpaid balance of their premium wages owed during the Class Period for meal periods.

   ii.   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's meal period requirements.

2.    Find that Defendant West Coast Berry Farms, LLC is liable as a client-employer for the violations under Count Four pursuant to under California Labor Code § 2810.3.

h)   Under Count Five:

1.    Grant judgment against Defendants Rancho Nuevo Harvesting, LLC and West Coast Berry Farms, LLC, jointly and severally during their respective years as employers, and in favor of Plaintiffs and the Class, for violations of California Labor Code § 226.7 such that:

    i)   Plaintiffs and the Class receive the full unpaid balance of their premium wages owed for rest breaks during the Class Period.

   ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's rest break requirements.

2.    Find that Defendant West Coast Berry Farms, LLC is liable as a client-employer for the violations under Count Four pursuant to under California Labor Code § 2810.3.

i)   Under Count Six:

1.    Grant judgment against Defendants, jointly and severally during their respective years as employers, and in favor of Plaintiffs and the Class, for violations of California Labor Code § 2802 such that:

    i)   Plaintiffs and the Class receive restitution for all monies spent on work-related expenses during the Class Period.

ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's expense reimbursement requirements.

2.   Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 2802(c).

j)   Under Count Seven:

1.   Grant judgment against Defendants, jointly and severally during their respective years as employers, and in favor of Plaintiffs and the Class, for violation of California Labor Code § 203 such that:

i)   Award damages pursuant to California Labor Code § 203 in the amount of one day's wages, up to a maximum of 30 day's wages, per employee who was terminated or left their employment with Defendants without timely receiving all outstanding wages due to them.

ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's requirement to timely pay all wages owing within the time periods set by Cal. Labor Code § 201 at the end of a worker's employment.

2.   Find that Defendant West Coast Berry Farms, LLC is liable as a client-employer for the violations under Count Seven pursuant to under California Labor Code § 2810.3; and

k)   Under Count Eight:

1.   Grant judgment against Defendants, jointly and severally during their respective years as employers, and in favor of Plaintiffs and the Class, for violations of California Business & Professions Code §§ 17200 *et seq.* such that:

i)   Plaintiffs and the Class receive all wages that they were unlawfully deprived of due to Defendants' unfair business practices.

ii)   Plaintiffs and the Class recover wages as equitable relief for a period that extends the statute of limitations or recovery period for wages to four (4) years.

2.   For declaratory judgment that the actions, conduct, and practices of Defendants complained of herein constitute unfair business practices under California Business &

1    Professions Code §§ 17200 *et seq.*

2    3.      For an injunction and order permanently restraining and enjoining Defendants from

3    engaging in and continuing the unlawful and/or unfair policies and practices complained of

4    herein.

5    4.      Award attorneys' fees and costs pursuant to California Code of Civil Procedure

6    § 1021.5, as the Plaintiffs are enforcing an important right affecting the public interest.

7    l)   Under Count Nine:

8    1.      Grant judgment against Defendants, jointly and severally and in favor of Plaintiffs

9    and the Class, for violations of California Labor Code §§ 1194 and 226.2 *et seq.* such that:

10        i)    Plaintiffs and the Class receive the full unpaid balance of their wages owed for rest

11              periods and other nonproductive time.

12        ii)   Plaintiffs receive appropriate injunctive relief, including an order requiring

13              Defendants to comply with California's Labor Code § 226.2 requirements.

14   2.      Find that Defendant West Coast Berry Farms, LLC is liable as a client-employer

15   under California Labor Code § 2810.3 and liable for the Labor Code § 226.2 wages sought

16   under this Count.

17   m)   Under Count Ten:

18   1.      Grant judgment against all Defendants and in favor of Plaintiff and all similarly

19              situated workers for violation of the applicable contracts, including the contract

20              attached hereto as Exhibits B, C and D, and order that each Plaintiff Class member

21              receive the wages they were entitled under said contracts for each hour they worked;

22              and

23   2.      Find that Defendant West Coast Berry Farms, LLC is liable as a client-employer

24              under California Labor Code § 2810.3 for the unpaid contractual wages due.

25   n)   Awarding Plaintiffs and the Class pre-judgment interest of ten percent (10%) on the unpaid

26   wages and compensation owed to Plaintiffs and the Class under California Civil Code §§ 3287(a)

27   and 3289(b), California Labor Code §§ 218.6, 1194 and 2802(b), and/or any other applicable

28   provision providing for interest;

o)   Granting declaratory relief as appropriate;

p)   Casting all costs upon Defendants; and

q)   Awarding any such other and further relief, at law or in equity, as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

204.   Plaintiffs demand trial by jury on claims so triable.


DATED: March 25, 2020

*s/ D. Morton*

DAWSON MORTON
ATTORNEY FOR PLAINTIFFS