1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8 | RAUL MAGANA-MUÑOZ, et al.,

Plaintiffs,

9

v.

10

11 | WEST COAST BERRY FARMS, LLC, et al.,

12

Defendants.

Case No. 5:20-cv-02087-EJD

**ORDER GRANTING PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION; DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Re: Dkt. Nos. 12, 14, 15

13        Before the Court is Plaintiffs Raul Magana-Muñoz and Jose Santiago Herrera-Vera's

14   motion for collective action certification and Defendants West Coast Berry Farms, LLC and

15   Rancho Nuevo Harvesting, Inc.'s motion to compel arbitration.  Having considered the Parties'

16   papers, the Court **GRANTS** Plaintiffs' motion for collective action certification and **DENIES**

17   Defendants' motion to compel arbitration.[1]

18   **I.        BACKGROUND**

19            **A.    Factual Background**

20        Defendant Rancho Nuevo is a licensed farm labor contractor ("FLC") that provides

21   agricultural labor in California.  Complaint ("Compl.") ¶¶ 11–12.  Defendant Rancho Nuevo uses

22   the agricultural guest worker program ("H-2A Program") to hire enough workers to meet its

23   clients' labor needs.  Defendant Rancho Nuevo provides labor services to growers of fruits and

24   vegetables in California, including Defendant West Coast Berry Farms, LLC ("West Coast

25

26   ─────────────────────

27   [1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court found this motion suitable for consideration without oral argument. *See* Dkt. 35.

28

United States District Court
Northern District of California

1   Berry").

2          The H-2A program is authorized by the Immigration and Nationality Act ("INA"), as

3   amended by the Immigration Reform and Control Act of 1986 ("IRCA").  *See* 8 U.S.C. § 1188.

4   The implementing regulations provide that a nonimmigrant alien worker may not be admitted to

5   fill a particular temporary job unless no qualified U.S. worker is available.  20 C.F.R.

6   § 655.0(a)(1).  Further, in order to receive workers under the H- 2A program, employers are

7   required to submit an application describing the conditions of employment including wages,

8   transportation, housing, and work locations, among other things, to the Department of Labor

9   ("DOL").  *See id.* § 655.100.

10          Plaintiffs worked for Defendant Rancho Nuevo (and in turn for Defendant West Coast

11   Berry) as H-2A agricultural guest workers in 2018.  Compl. ¶ 10.  Plaintiffs first worked under Job

12   Order Number 15830523 in and around the Oxnard, California area (the "Oxnard Job Order") and

13   harvested berries.  *See* Declaration of Martha Godoy in Support of Defendants Petition to Compel

14   Arbitration ("Godoy Decl.") ¶ 7, Dkt. 14-3; *see also* Compl. ¶ 74.  This job ran from

15   approximately April 9, 2018 through June 30, 2018.  Godoy Decl. ¶¶ 4–5.  After completing the

16   Oxnard Job Order, Plaintiffs transferred to Job Order Number 15964506 and were transported

17   from Oxnard to Monterey County, California (the "Monterey Job Order"), where they also

18   harvested berries.  *Id.* ¶ 11; *see also* Compl. ¶ 75.  Plaintiffs left the United States on or after

19   October 31, 2018.

20          Defendant Rancho Nuevo allegedly provided workers, including Plaintiffs, with around

21   two hours of onboarding training.  Godoy Decl. ¶ 14.  However, Plaintiffs training appears to have

22   only lasted about 45 minutes.  *See* Affidavit of Raul Magana-Muñoz, Dkt. 24-2 (including a pay-

23   stub that shows *H2A Orientation as lasting .75 of an hour).  This onboarding training is

24   conducted in Spanish for Spanish-speaking employees like Plaintiffs.  Godoy Decl. ¶ 15.  During

25   this training, Plaintiffs signed an arbitration agreement.  Defendants maintain that during the

26   onboarding training, employees can ask questions about the arbitration agreements and that

27   Case No.: 5:20-cv-02087-EJD

28   ORDER GRANTING PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
CERTIFICATION; DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
2

United States District Court
Northern District of California

1   employees can ask questions about the agreements when they meet with an HR team member and

2   turn in their paperwork.  *Id.* ¶ 17.  Defendants further contend that the HR team does not pressure

3   or otherwise persuade employees to sign the arbitration agreement and employees can take the

4   agreement with them to review later or have it reviewed by an attorney.  Godoy Decl. ¶ 16; *see*

5   *also id.* ¶ 18 ("Since the Company was started, we have never had an employee refuse to sign the

6   arbitration agreement.  Like Plaintiffs, employees always opt to sign it."); *see also* Supplemental

7   Declaration of Martha Godoy ("Supp. Godoy Decl.") ¶ 8, Dkt. 26-1 ("Consistent with [Rancho

8   Nuevo's] policy and practice, Company supervisor Ernesto Espindola was present to introduce

9   himself and speak to the H-2A workers . . . . [about] any questions and concerns.").

10        On April 13, 2018,[2] before the period of relevant employment, Plaintiffs signed arbitration

11   agreements and agreed to arbitrate all claims related to their employment.  The agreement states:

12             The Company [Rancho Nuevo] utilizes a system of alternative dispute
13       resolution which involves binding arbitration to resolve all disputes which may
             arise out of the employment context. Because of the mutual benefits (such as
14       reduced expense and increased efficiency) which private binding arbitration can
             provide both the Company and the employee, employee and the Company both
15       agree that any claim, dispute, and/or controversy that either party may have against
             one another (including, but not limited to, any claims of discrimination and
16       harassment, whether they be based on the California Fair Employment and Housing
             Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other
17       applicable state or federal laws or regulations) which would otherwise require or
             allow resort to any court or other governmental dispute resolution forum between
18       the employee and the Company (or its owners, directors, officers, managers,
             employees, agents, and parties affiliated with its employee benefit and health plans)
19       arising from, related to, or having any relationship or connection whatsoever with
             your seeking employment with, employment by, or other association with the
20       Company, whether based on tort, contract, statutory, or equitable law, or otherwise,
             (with the sole exception of claims arising under the National Labor Relations Act
21       which are brought before the National Labor Relations Board, claims for medical
             and disability benefits under the California Workers' Compensation Act, and
22       Employment Development Department claims) shall be submitted to and
             determined exclusively by binding arbitration.

23             In order to provide for the efficient and timely adjudication of claims, the
24       arbitrator is prohibited from consolidating the claims of others into one proceeding.

---

25   [2] Plaintiffs' arbitration agreements are dated April 10, 2018.  The agreements were predated.  In
26   fact, Plaintiffs signed the agreements on April 13, 2018, consistent with their wage statement.
      Defendants contend, and Plaintiffs do not dispute, that this was the only portion of the form that
27   was pre-filled.  *See* Supp. Godoy Decl. ¶ 5.

28   ORDER GRANTING PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
      CERTIFICATION; DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION

This means that an arbitrator will hear only your individual claims and does not have the authority to fashion a proceeding as a class or collective action or to award relief to a group of employees in one proceeding, to the maximum extent permitted by law. *Thus, the Company has the right to defeat any attempt by you to file or join other employees in a class, collective or joint action lawsuit or arbitration (collectively "class action claims").*

You understand that you will not be disciplined, discharged, or otherwise retaliated against for exercising your rights under § 7 of the National Labor Relations Act, including but not limited to challenging the limitation on a class, collective, or joint action. You understand that nothing in this policy shall be construed so as to preclude you from filing any administrative charge with, or from participating in any investigation of a charge conducted by, any government agency such as the Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission; however, after you exhaust such administrative process/investigation, you understand that you must pursue any such claims through this binding arbitration procedure.

. . . .

However, in addition to requirements imposed by law, any arbitrator herein shall be a retired California Superior Court Judge and shall be subject to disqualification on the same grounds as would apply to a judge of such court. To the extent applicable in civil actions in California courts, the following shall apply and be observed: all rules of pleading (including the right of demurrer), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and judgment under California Code of Civil Procedure §631.8. Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including, but not limited to, notions of "just cause") other than such controlling law.

The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged in accordance with California Civil Code §47(b). As reasonably required to allow full use and benefit of this policy's modifications to the Act's procedures, the arbitrator shall extend the times set by the Act for the giving of notices and setting of hearings. Awards shall include the arbitrator's written reasoned opinion. If Code of Civil Procedure §1284.2 conflicts with other substantive statutory provisions or controlling case law, the allocation of costs and arbitrator fees shall be governed by said statutory provisions or controlling case law instead of California Code of Civil Procedure §1284.2. Any arbitration proceeding will move forward under the Federal Arbitration Act (9 U.S.C. §§3-4) even though the claims may also involve or relate to parties who are not parties to the arbitration and/or claims that are not subject to arbitration: thus, the court may not refuse to enforce this arbitration policy and may not stay the arbitration proceeding despite the provisions of California Code of Civil Procedure §1281.2(c).

The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of the arbitration policy, including

without limitation any claim that this policy is void or voidable. Thus, the Company and Employee voluntarily waive the right to have a court determine the enforceability and/or scope of this policy.

*EMPLOYEE UNDERSTANDS BY BEING EMPLOYED BY THE COMPANY, AS A CONDITION OF EMPLOYMENT, THE EMPLOYEE AGREES TO THIS BINDING ARBITRATION POLICY, WHICH MEANS THE EMPLOYEE AND THE COMPANY BOTH GIVE UP RIGHTS TO TRIAL BY JURY AND RIGHTS TO PARTICIPATE IN CLASS ACTION CLAIMS.*

Godoy Decl., Ex. A (emphasis added).

Defendants allege, and Plaintiffs do not deny, that a copy of this agreement was given to employees in Spanish. *See id.*

**B. Procedural History**

On March 25, 2020, Plaintiffs filed their putative class action and alleged various wage and hour and breach of contract claims. *See* Compl. ¶¶ 1–3. Plaintiffs allege that Defendants improperly shifted costs to Plaintiffs and failed to pay them (and others similarly situated) the required minimum hourly wage for compensable hours of labor performed in violation of the Fair Labor Standards Act ("FLSA"). *Id.* ¶ 117. Plaintiffs allege that these violations occurred when they (1) traveled from Mexico to the United States and were not reimbursed for their travel and visa expenses, (2) traveled from their employer housing to their worksite, and (3) traveled from their first permanent worksite in the Ventura/Oxnard area to their second and final permanent worksite in Monterey area. *Id.* ¶¶ 49, 52, 60, 75.

On May 14, 2020, Plaintiffs filed their motion for collective action certification, which asks the Court to (1) conditionally certify Count I of their Complaint as a collective action under the FLSA, (2) approve the proposed collective action notice, (3) order Defendants to produce the names, last known permanent addresses, passport numbers, email addresses, and WhatsApp account numbers of all potential opt-in plaintiffs to enable the delivery of notice, and (4) provide Plaintiffs' counsel with five months from the date on which Defendants produce the names and addresses to distribute notice and file consent forms from potential opt-in plaintiffs. Plaintiffs' Motion and Brief in Support of Collective Action Certification ("CA Mot.") at 2, Dkt. 12. Plaintiffs also seek conditional certification to represent all individuals who performed work for

1    Defendants under the 2018 H-2A Job Order.[3]  *Id.*  Defendants filed a brief in opposition.  Joint

2    Opposition to Motion for Collective Action Certification ("CA Opp."), Dkt. 18.  On June 11,

3    2020, Plaintiffs filed their Reply.  Plaintiffs' Reply in Support of Motion for Collective Action

4    Certification ("CA Reply"), Dkt. 23.[4]

5           Thereafter, Defendants filed a motion to compel arbitration and motion to dismiss or stay

6    proceedings pending arbitration.  Joint Motion for Hearing for Petition to Compel Arbitration

7    ("Arb Mot."), Dkt. 14.[5]  On June 11, 2020, Plaintiffs filed their opposition to this motion.

8    Opposition/Response re Joint Motion for Hearing for Petition to Compel Arbitration ("Arb

9    Opp."), Dkt. 24.  Defendants then filed a reply.  Reply re Joint Motion for Hearing for Petition to

10   Compel Arbitration ("Arb Reply"), Dkt. 26.

11   **II.    LEGAL STANDARD**

12        **A.  Motion to Compel Arbitration**

13          The Federal Arbitration Act ("FAA") governs the agreement between the Parties.  Godoy

14   Decl., Ex. A.  Under the FAA, written arbitration agreements "shall be valid, irrevocable, and

15   enforceable, save upon such grounds as exist at law or in equity for the avoidance of any

16   contract." 9 U.S.C. § 2.  The FAA removes the district court's discretion and mandates that courts

17   direct the parties to "proceed to arbitration on issues as to which an arbitration agreement has been

18   signed." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)

19

---

20   [3] Defendants do not dispute that conditional certification is proper.  Because the Court grants
     Plaintiffs' motion for certification, it also grants Plaintiffs' counsel's request for conditional

21   certification.
     [4] Both Defendants and Plaintiffs filed requests for judicial notice regarding Plaintiffs' motion for

22   collective action certification.  *See* Dkt. 18-2; Dkt. 23-1.  Each request asks the Court to take
     notice of matters of public record.  A court may properly take notice of "matters of public record"

23   pursuant to Federal Rule of Evidence 201, to the extent the matters are not subject to reasonable
     dispute.  *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).  The documents sought to be

24   noticed fit comfortably within this standard.  Accordingly, both requests for judicial notice are
     **GRANTED**.

25   [5] Defendants thereafter filed a second (and seemingly repetitive) motion to dismiss based on the
     arbitration agreements.  *See* Dkt. 15.  Defendants are directed to Civil Local Rule 7-2, which

26   instructs parties that they may file **one** document.  If Defendants meant to correct Docket 14, they
     should have filed an erratum.  The Court will thus **TERMINATE** Docket 15 as it is duplicative of

27   Docket 14.

28   ORDER GRANTING PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
     CERTIFICATION; DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION

United States District Court
Northern District of California

1    (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).  The FAA establishes a

2    "liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612,

3    1621 (2018).  Courts must "rigorously . . . enforce arbitration agreements according to their terms,

4    including terms that specify *with whom* the parties choose to arbitrate their disputes and *the rules*

5    under which the arbitration will be conducted." *Id.*  Any doubts must be resolved in favor of

6    arbitration. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003).

7         The Court's role is limited to deciding (1) whether is there a valid agreement to arbitrate

8    and (2) if yes, whether the agreement encompasses the dispute at issue. *Chiron Corp.*, 207 F.3d at

9    1130.  If both are answered in the affirmative, the court must compel arbitration.  9 U.S.C. §§ 2–4.

10        **B.  Collective Action Certification**

11        The FLSA provides in relevant part that:

12        > [a]ny employer who violates the provisions of section 206 or section
         > 207 of this title [minimum wage and overtime] shall be liable to the
13       > employee or employees affected in the amount of their unpaid
         > minimum wages, or their unpaid overtime compensation, as the case
14       > may be, and in an additional equal amount as liquidated
         > damages. . . . An action to recover the liability prescribed . . . may
15       > be maintained against any employer (including a public agency) in
         > any Federal or State court of competent jurisdiction by any one or
16       > more employees for and in behalf of himself or themselves and other
         > employees similarly situated. No employee shall be a party plaintiff
17       > to any such action unless he gives his consent in writing to become
         > such a party and such consent is filed in the court in which such
18       > action is brought.

19    29 U.S.C. § 216(b).  Thus, under the FLSA, "workers may litigate jointly if they (1) claim a

20    violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint

21    litigation, in writing." *Campbell v. City of L.A.*, 903 F.3d 1090, 1100 (9th Cir. 2018).

22        In *Campbell*, the Ninth Circuit provided guidance as to how lower courts should proceed

23    with requests for collective action certification for purposes of the FLSA. *Hernandez v. Dutton*

24    *Ranch Corp.*, 2020 WL 1274908, at *1 (N.D. Cal. Mar. 17, 2020).  Certification comes in two

25    stages.  The first stage is known as either preliminary or conditional certification and generally

26    occurs at an early stage of litigation.  Here, a "court's analysis is typically focused on a review of

27
28   ORDER GRANTING PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
     CERTIFICATION; DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION
                                              7

*United States District Court*
*Northern District of California*

the pleadings but may sometimes be supplemented by declarations or other evidence." *Campbell*, 903 F.3d at 1109. "The level of consideration is 'lenient'" and "loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.* The consequence of preliminary certification is simply that a notice is issued to members of the putative collective action. *See id.* at 1101. As the Ninth Circuit has noted, unlike Rule 23 class certification, "[p]reliminary certification in the FLSA context does not 'produce a class with an independent legal status[ ] or join additional parties to the action.'" *Id.* (citation omitted). Rather, "'[t]he sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* "[P]reliminary certification is 'neither necessary nor sufficient for the existence of a [collective] action.'" *Id.* (emphasis omitted).

### III.    DISCUSSION

#### A.    Arbitration

Plaintiffs first argue that the arbitration agreement is invalid because Defendants did not receive mandatory government approval for the agreement. Arb. Opp. at 9–10.

As noted, H-2A employers must offer H-2A workers the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to U.S. workers. 20 C.F.R. § 655.122(q); *Id.* § 653.501(b)–(c) (requiring complete terms submitted for State Workforce Agency review). Job offers may not impose on U.S. workers any restrictions or obligations not be imposed on H-2A workers. *Id.* § 655.122(a). The H-2A regulations also provide that "[e]ach job qualification and requirement listed in the job offer must be bona fide and consistent with the normal and accepted qualifications required by employers that do not use H-2A workers in the same or comparable occupations and crops." *Id.* § 655.122(b).

The Job Order is the document that contains the material terms and conditions of employment, which is posted by the State Workforce Agency ("SWA") on its inter-and intra-state job clearance systems. *Id.* § 655.103. The potential H-2A Employer submits the job offer to both

United States District Court
Northern District of California

1   U.S. and H-2A workers and (therein) describes all the material terms and conditions of

2   employment, including those relating to wages, working conditions, and other benefits.  *Id.*  This

3   offer must first be submitted to the DOL for approval.  *Id.*

4        The Job Offer that Defendants submitted to the DOL did not include the arbitration

5   provision at issue.  Plaintiffs argue that this prevents Defendants from asserting the arbitration

6   provision.  The Court agrees.[6]

7        The arbitration agreement at issue was a "material term[] and condition[] of [Plaintiffs']

8   employment."  By signing the arbitration agreement reprinted above, Plaintiffs forfeited certain

9   legal rights, including the right to a trial in a court of law and the right to participate in a class

10  action.  Such forfeiture is undoubtedly "material."  Moreover, as demonstrated *by the terms of the*

11  *actual arbitration agreement*, arbitration was a term of employment.  *See* Godoy Decl., Ex. A

12  ("[A]s a condition of employment, the employee agrees to this binding arbitration policy . . . .");

13  *cf.* Arb. Mot. at 9 ("The agreement is not mandatory, but rather at the employee's discretion

14  whether to accept or decline.").  Hence, pursuant to 20 C.F.R. § 655.103, Defendants had a legal

15  obligation to include the arbitration agreement in (1) the job offer provided to H-2A workers and

16  (2) the job order that was posted to the SWA website.  Rather than complying with § 655.103(b)'s

17  requirements, Defendants executed a "side" arbitration agreement with Plaintiffs at the orientation.

18  This breached Defendants' disclosure obligation.

19       "[I]f a statute prescribes the only method in which a valid contract can be made, a contract

20  that fails to follow that method is void."  *Duffens v. Valenti*, 74 Cal. Rptr. 3d 311, 327 (Ct. App.

21  2008).  Here, the relevant regulation states that Defendants had to include all material terms of

22  employment in its job offer.  Defendants failed to do this.  For that reason, the "side" arbitration

23  agreement is void.  *See* Cal. Civ. Code § 1667(1) (stating that an unlawful contract is one that is

24  "contrary to an express provision of law").  The arbitration agreement at issue is thus neither valid

25

26

27  [6] The Court thus does not reach Plaintiffs' other invalidity arguments.
Case No.: 5:20-cv-02087-EJD

28  ORDER GRANTING PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
CERTIFICATION; DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION

United States District Court
Northern District of California

1  nor enforceable and the Court **DENIES** Defendants' motion to compel arbitration.[7]

2  **B. Collective Action Certification**

3  **1. Preliminary Certification**

4  As noted, the standard for FLSA certification is "lenient." *Campbell*, 903 F.3d at 1109.

5  Workers may litigate jointly "if they (1) claim a violation of the FLSA,[8] (2) are 'similarly

6  situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Id.* at 1100. Plaintiffs

7  "may proceed in a collective, to the extent they share a similar issue of law or fact material to the

8  disposition of their FLSA claims." *Id.* at 1117. This standard is not particularly stringent as "the

9  FLSA not only imposes a lower bar than Rule 23, it imposes a bar lower in some sense even than

10  Rules 20 and 42, which set forth the relatively loose requirements for permissive joinder and

11  consolidation at trial." *Id.* at 1112; *see also Senne v. Kan. City Royals Baseball Corp.*, 934 F.3d

12  918, 950 (9th Cir. 2019) ("[B]ecause the FLSA is a remedial statute, it must be interpreted

13  broadly." (quotation marks and citation omitted)).

14  In this case, Plaintiffs have met the lenient standard for preliminary certification. Plaintiffs

15  have alleged, and the declarations in support of the motion reflect, that it was a common practice

16  for Defendant Rancho Nuevo to not compensate field workers for expenses incurred in getting H-

17  2A visas and for other compensable hours of labor. The factual support for these allegations are

18  Plaintiffs' personal observations (as reflected in their declarations).

19  Defendants argue that (1) more evidence is required and (2) the proposed collective group

20  is not similarly situated. CA at 4–7. The Court disagrees. *Campbell* indicates that a lenient

21

---

22  [7] While the Court does not reach Plaintiffs' other arguments for invalidity, the Court does note that this case is similar to *Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, 2019 WL 5556593 (N.D.

23  Cal. Oct. 29, 2019). There, the court found, after a bench trial, that the arbitration agreement was void based on economic duress and undue influence. Many facts in that case are similar here—the

24  migrants were not given the agreement before entering the United States, the migrants were not advised about the implications of the agreement, the migrants were not given sufficient time to

25  review the agreement, and the agreement appeared to be a condition of employment. This is concerning to the Court.

26  [8] Defendants do not dispute that Plaintiffs have presented a plausible FLSA violation. Defendants instead argue that Plaintiffs are not similarly situated with the proposed collective action group.

27  CA Opp. at 4.

Case No.: 5:20-cv-02087-EJD

28  ORDER GRANTING PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
CERTIFICATION; DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION

10

United States District Court
Northern District of California

1    standard is applied for preliminary certification.  Plaintiffs' declarations present credible

2    allegations of wage and hour violations.  Defendants argue that more declarations are required

3    (and use questionable caselaw as support).  Not so.  After *Campbell*, it is clear that all Plaintiffs

4    must do is present plausible allegations that the violations were experienced by others.  Plaintiffs

5    have met this "low" burden.

6           Defendants next argue that the proposed collective group is not similarly situated to

7    Plaintiffs.  Plaintiffs seek to include two different job orders in the collective action group—one

8    group worked in Santa Barbara County and harvested for Eat Sweet and the other worked in San

9    Luis Obispo County and harvested for West Coast Berry.  Plaintiffs did not travel with either the

10   Santa Barbara County group or the San Luis Obispo County group.  However, Plaintiffs, the Santa

11   Barbara County group, and the San Luis Obispo County group worked for Rancho Nuevo, under

12   common employment circumstances, subject to H-2A job orders, with nearly identical

13   employment titles.  *See* Dkt. 1-2.  Indeed, Defendant Rancho Nuevo had standardized contracts

14   with its agricultural clients, which included a policy as to how Rancho Nuevo would "reimburse

15   inbound transportation and subsequent expenses."  *See* Ex. A, Dkt. 23-2.  Those expenses are what

16   is at issue here—the location of the harvesting does not change the alleged FLSA violations.

17          Hence, while there are individual differences, these differences do not change the

18   allegation that Rancho Nuevo had a "common policy" or "common practice" of not compensating

19   its H-2A workers for (1) expenses incurred in getting H-2A visas, (2) meal periods, and (3) travel

20   time.  That Plaintiffs and proposed collective action members worked at different locations, a

21   month apart, and for different growers is irrelevant.  Because the allegations and Plaintiffs'

22   declarations indicate that Plaintiffs, and the proposed collective group, were employed by the

23   same entity, at around the same time, in the same job capacity, and subject to the same company-

24   wide policy, they are alike in material aspects of the litigation.  Thus, Plaintiffs and the proposed

25   group share similar issues of law and fact and are similarly situated.  *See Altamirano-Santiago v.*

26   *Better Produce, Inc.*, 2019 WL 3457325, at *3 (C.D. Cal. July 30, 2019).  For this reason, the

27   Case No.: 5:20-cv-02087-EJD

28   ORDER GRANTING PLAINTIFFS' MOTION FOR COLLECTIVE ACTION
     CERTIFICATION; DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION

1    Court **GRANTS** Plaintiffs' motion for preliminary certification.

2            **2.   Notice**

3            Because preliminary certification is warranted, notice to the putative collective is proper.

4    The Parties have not yet met and conferred on how notice should be effectuated.  Plaintiffs have,

5    however, provided the court with a proposed notice.  Defendants oppose (1) the consent form's

6    caption, (2) the statute of limitations included in the form, and (3) the inclusion of Plaintiffs'

7    counsel's contact information.  Defendant Rancho Nuevo also argues that it cannot post notices at

8    its workforce because it is a "farm labor contractor and does not own or operate worksites."  CA

9    Opp. at 9.  Defendants further argue that notice should be done by a third-party administrator.  *Id.*

10   at 11.  The Court orders as follows:

11   1.  Notice shall be sent by a third-party administrator.  While Plaintiffs do not agree to this,

12       the Court finds it would be more appropriate for a third-party to distribute the notice.

13       Plaintiffs' counsel has not explained why it would be preferable for them to oversee

14       distribution of notice.  *See Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D.

15       Cal. 2009); *see also Prentice v. Fund for Pub. Interest Research, Inc.*, 2007 WL 2729187,

16       at *6 (N.D. Cal. Sept. 18, 2007) ("The Court agrees that using a third party is the best way

17       to ensure the neutrality and integrity of the opt-in process.").  Because Defendants seek the

18       third-party administrator, the Court finds it fair for the Parties to split the costs associated

19       with notice.

20   2.  The Parties shall meet and confer with the third-party administrator to determine the best

21       means to effect notice.  Direct mail shall be one form of notice, but the administrator

22       should consider other additional means of notice, including via cell phone (*e.g.*, text),

23       through an application (*e.g.*, WhatsApp), and through social media (*e.g.*, Facebook),

24       particularly because mail notice may not be effective for all members of the putative

25       collective, some of whom are in rural Mexico.  *See Roes v. SFBSC Mgmt., LLC*, 944 F.3d

26       1035 (9th Cir. 2018).  At this juncture, physically posting the notice at work-sites (*e.g.*,

United States District Court
Northern District of California

United States District Court
Northern District of California

1   field locations or bathrooms) does not appear to be necessary, unless other means of notice

2   are not effective.  In the interests of privacy, the Court also finds that at this time, there is

3   no need for Defendants to produce passport numbers.  If that need changes, Plaintiffs may

4   inform the Court.

5   3.  The notice shall implicate a three-year statute of limitations rather than a two-year statute

6   of limitations.  It is difficult to prejudge willfulness at this early stage in the litigation.  *See*

7   *Hernandez*, 2020 WL 1274908, at *3.  This ruling does not preclude Defendants from

8   arguing that any collective should be subject to a two-year statute of limitations.

9   4.  Plaintiffs seek five months to distribute notice to putative collective members.  Defendant

10   argues that only three months are necessary.  On balance, the Court finds that putative

11   collective members shall be given 4 months to opt in (particularly because some members

12   are in Mexico and there may be more than one round of notice if notice proves ineffective).

13   5.  The notice shall not include a header referring to the Court, but the text of the notice may

14   indicate that the notice is being issued as part of a case pending before this Court.

15   6.  The notice shall include contact information for both Plaintiffs' counsel and Defendants'

16   counsel.  There must be clear language explaining that Plaintiffs' counsel seeks to

17   represent workers and defense counsel represents Rancho Nuevo and West Berry Farms.

18   However, Plaintiffs' counsel may not include language that solicits a purported party

19   plaintiff to contact counsel for "additional information."

20   7.  Defendants argue that the scope of the putative collective class is vague as the language in

21   the notice is overbroad as to its scope.  The Court agrees; the notice is vague as to what

22   claims are included in the collective and who is included in the collective.  The Parties

23   shall meet and confer on this issue as they should now be able to reach an agreement.

24   8.  Defendants also note that Plaintiffs failed to attach a Spanish translation of the proposed

25   notice.  The Parties agree that any class notice will be provided in both Spanish and

26   English.  The Parties shall meet and confer as to the adequacy of the English and Spanish

27

28

1   notices.

2   9.   Plaintiffs are only entitled to names and contact information for H-2A workers employed

3       by Defendant Rancho Nuevo in 2018.

4   10.  The notice need not contain detailed language informing a member about his or her

5       obligations as a litigant (*e.g.*, to be subject to a deposition); however, the notice should

6       contain some language notifying a member that he or she does have an obligation to

7       participate in the case and provide relevant information.  The Parties shall meet and confer

8       on this issue.

9       The Parties shall meet and confer as required above and shall submit a joint proposed

10  notice by **July 21, 2020**.  If the parties are unable to agree on any specific issue and/or language,

11  then, in a joint submission, the parties shall identify what the dispute is and then each party shall

12  provide its position on the issue and/or proposed language.

13  **IV.     CONCLUSION**

14      For the foregoing reasons, Defendants' motion to compel arbitration is **DENIED** and

15  Plaintiffs' motion to certify a collective action certification is **GRANTED**.

16      **IT IS SO ORDERED.**

17  Dated: July 9, 2020

18

19                                      EDWARD J. DAVILA
                                        United States District Judge

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*