UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAUL MAGANA-MUNOZ, et al.,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>WEST COAST BERRY FARMS, LLC, et al.,<br><br>　　　Defendants. | Case No.   5:20-cv-02087-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 68 |

On March 25, 2020, Plaintiffs filed this case against Defendants, alleging various wage and hour claims. *See* Complaint for Damages ("Compl."), Dkt. No. 1. Plaintiffs seek leave to amend their Complaint to (1) add Rancho Harvest, Inc. as a defendant, (2) allege details about Rancho Harvest's involvement as a joint employer, and (3) to add one allegation concerning uncompensated transportation. *See* Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Amend Complaint ("Mot."), Dkt. No. 68. On March 4, 2022, Defendant Rancho Nuevo Harvesting, Inc. filed an opposition to this motion, to which Plaintiffs filed a reply. *See* Defendant Rancho Nuevo Harvesting, Inc.'s Opposition to Plaintiffs' Motion to Amend the Complaint ("Opp."), Dkt. No. 69; Plaintiffs' Reply in Support of Motion to Amend Complaint ("Reply"), Dkt. No. 70. Having considered the Parties' papers, the Court **GRANTS** Plaintiffs' motion for leave to amend their complaint.[1]

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading by leave of court and that "[t]he court should freely give leave when justice so requires."[2] Fed. R. Civ. P.

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court found this motion appropriate for decision without oral argument. *See* Dkt. No. 75.

[2] Because a court-issued deadline for amending pleadings has not been entered, Federal Rule of Civil Procedure 16's "good cause" standard does not apply.

Case No.: 5:20-cv-02087-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND
1

15(a)(2). The Ninth Circuit applies this rule "with extreme liberality." *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality'").

Under this liberal standard for granting leave to amend, the Ninth Circuit instructs courts to grant leave unless the amendment: "(1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, and (4) or is futile." *Doe I v. Cisco Sys., Inc.*, 2013 WL 527293, at *1 (N.D. Cal. Sept. 18, 2013) (citing *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1153 (9th Cir. 2011); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that "this determination should be performed with all inferences in favor of granting the motion").

These factors are not weighed evenly. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052. Of the four factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* The non-movant bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187.

**II.    DISCUSSION**

Defendant Rancho Nuevo Harvesting opposes Plaintiffs' motion, arguing that amendment is improper because "Rancho Harvest" is not a proper party to the action since it is a "separate corporation," "does not operate as a [farm labor contractor]," and does not employ farm workers. Opp. at 4. Defendant further argues that Plaintiffs have not garnered any evidence "to establish or suggest a joint employer relationship exists" and have delayed in amending their complaint "to artificially increase the cost of litigation, without factual or legal grounds to do so." Opp. at 4. Defendant thus contends that leave to amend should be denied because amendment is sought in bad faith, is futile, and will cause undue prejudice.

Case No.: 5:20-cv-02087-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND
2

### A. Prejudice and Futility

Prejudice is the "most important factor." *Jackson v. Band of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Here, the Court finds that any prejudice would be minimal. Defendant argues that amendment will cause "substantial prejudice" because it will have to spend additional time and resources to restart the beginning stage of discovery. Yet, Defendant's only discovery production to date was produced last month, after Plaintiffs informed Defendants of their intent to amend and requested that Defendants' consent to the amendment. Further, the discovery that Defendant Rancho Nuevo has produced does not concern its relationship with proposed defendant Rancho Harvest and so there is no discovery that would need to be redone based on Plaintiffs' amended pleading. Defendant also has not served any written discovery, and discovery is not set to close until December 16, 2022, which allows continued discovery. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017) (noting that the "proposed amendments, while expanding the scope of discovery and of the case, hardly present new theories of liability that take [the defendant] by surprise"); *cf. Illumina Inc. v. BGI Genomics Co., Ltd.*, 2021 WL 428632, at *3 (N.D. Cal. Feb. 8, 2021) (finding no significant prejudice to the plaintiff by allowing the defendant to amend its answer when it requested to do so on the last possible day permitted under Rule 15). Moreover, Defendant has known of Plaintiffs' intent to add Rancho Harvest and the additional claims. Thus, the addition of Rancho Harvest and the additional claims can hardly be said to be a surprise.

Amendment does not appear to be futile. *See Hynix Semiconductor Inc.*, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("Courts rarely deny a motion for leave to amend for reason of futility. Indeed, before discovery is complete, as here, a proposed amendment is futile only if no set of facts can be proved under the amendment which would constitute a valid claim or defense."). Defendant's futility arguments largely focus on factual disputes, like whether Rancho Harvest employs farmworkers or is a farm labor contractor. In view of Rule 15(a)'s permissive standard, courts typically defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. *Id.* Thus, the

Case No.: 5:20-cv-02087-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND
3

1 factual disputes cannot be resolved at the pleading stage. Accordingly, Defendant has not
2 demonstrated that amendment is futile.

### B. Undue Delay and Bad Faith

Defendant next argues that Plaintiffs have delayed seeking amendment in bad faith. Much of the dispute between the Parties focuses on factual assertions about Rancho Harvest's employment status. Plaintiffs' proposed complaint makes allegations that directly conflict with Defendant's assertions. Such factual differences are not a proper basis to find bad faith or to deny amendment. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Defendant last argues that Plaintiffs have unduly delayed in moving to amend. However, Defendant's counsel asked Plaintiffs to delay amendment while the Parties attempted to mediate the case. After the Parties were unable to reach a negotiated resolution at their January 24, 2022 mediation, Plaintiffs informed Defendant of their plan to amend, and promptly sought to amend after efforts to obtain a stipulation were unsuccessful. *See Villalobos v. Calandri Sonrise Farms LP*, 2014 WL 12966628, at *2 (C.D. Cal. Aug. 14, 2014) (finding no undue delay where parties engaged in "two unsuccessful rounds of mediation" and the plaintiff sought amendment afterwards).

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs leave to amend their Complaint. Plaintiffs must file the amended complaint, attached to its motion, within ten days of this Order.

**IT IS SO ORDERED.**

Dated: September 8, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-02087-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND
4