UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAUL MAGANA-MUNOZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WEST COAST BERRY FARMS, LLC, et al.,<br><br>Defendants. | Case No.   5:20-cv-02087-EJD<br><br>**ORDER RE PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING DISCOVERY OF CORPORATE BANK STATEMENTS**<br><br>Re: Dkt. No. 76 |

Pursuant to Federal Rule of Civil Procedure 72(a) and N.D. Cal. Civil Local Rule 72-2, Plaintiffs request reconsideration of Magistrate Judge Van Keulen's order granting in part Plaintiffs' motion to compel Defendant Rancho Nuevo Harvesting's corporate bank statements. Plaintiffs object to two aspects of the Magistrate Judge's ruling—the limitation of the time period to only the month before Plaintiffs' arrival through the end of their visas and the redaction of most of the bank statements except payments between the named Defendants. Plaintiffs argue that the Magistrate Judge's order rests on the following errors: (1) the imposed time period limitation precludes Plaintiffs' discovery of Defendant Rancho Nuevo's financial status and Defendants' financial ties in advance of Plaintiffs' hiring when the Defendants' relationship was formed; (2) allowing redaction of discoverable documents erroneously limits Plaintiffs' review, hides portions of the documents, and prevents full assessment of Defendant's financial condition; and (3) the redactions will preclude Plaintiffs from seeing payments to Plaintiffs and class members. *See* Motion for Relief from Nondispositive Pretrial Order ("Mot."), Dkt. No. 76. On September 8, 2022, this Court requested a response from Defendant Rancho Nuevo regarding Plaintiffs' motion for relief. *See* Dkt. No. 77. Defendant filed a response on September 22, 2022. *See* Defendant Rancho Nuevo's Harvesting's Response to Plaintiffs' Motion for Relief ("Opp."), Dkt. No. 85.

Case No.: 5:20-cv-02087-EJD
ORDER RE PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING DISCOVERY OF CORPORATE BANK STATEMENTS

1

Having read the Parties' papers, the Court **GRANTS** Plaintiffs' motion for relief.

## I.   BACKGROUND

Plaintiffs assert claims for violations of the Fair Labor Standards Act, for violation of California employment laws, and for breach of the terms of their H-2A contracts. The Fair Labor Standards Act claim is brought as a collective action, and this Court has ordered notice to similarly situated workers and has certified this claim. ECF 37. The contract claims and California employment law claims are filed as class actions. ECF 1.

Plaintiffs served discovery upon Defendant Rancho Nuevo seeking Defendant's bank statements for the period of November 1, 2017, through February 28, 2019. ECF 73-2 at 6. The request sought in full Defendant's bank statements for the covered period. Defendant objected to the time period of the request, arguing that it exceeded Plaintiffs' dates of employment and that the request "invades Responding Party' right of privacy, is impermissibly overbroad and, therefore, oppressive, burdensome, and irrelevant to the subject matter of th[e] action in that it seeks disclosure of personal and private information." ECF 73-3.

Plaintiffs and Defendant filed a joint discovery statement as required by Magistrate Judge Van Keulen's standing order. Magistrate Judge Van Keulen granted in part Plaintiffs' request for discovery and ordered Defendant "to produce bank statements that cover the period from March 1, 2018 through November 30, 2018, which reflect the account balances for the indicated months and all transactions between named Defendants. All other information may be redacted." ECF 74.

## II.   LEGAL STANDARD

The standard for review of magistrate judge's non-dispositive ruling under Federal Rule of Civil Procedure 72(a) is highly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). Instead, "[a] non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)). This court reviews the magistrate's order for clear error. *Id.* "There is clear error only when the court is 'left

Case No.: 5:20-cv-02087-EJD
ORDER RE PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING DISCOVERY OF CORPORATE BANK STATEMENTS

2

with the definite and firm conviction that a mistake has been committed.'" *Zepeda v. Paypal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### III.    DISCUSSION

Magistrate Judge Van Keulen's order authorizes redaction of all transactions except those between named Defendants (Rancho Nuevo Harvesting and West Coast Berry Farms) and limits the time period of discovery to just the month prior to Plaintiffs' arrival. Plaintiffs argue that the ruling is wrong for three reasons: (1) redactions should not be applied where there is a protective order; (2) the Magistrate Judge has ordered redaction of clearly relevant and discoverable information; and (3) the information ordered redacted is not confidential or in need of heightened protection from redaction. Mot. at 3. Plaintiffs further argue that the time period restriction is improper because it excludes the months in which the job order (employment contract) was prepared and the time period during which Defendants formed their relationship with Plaintiffs.

"Redaction is generally an inappropriate tool for excluding information that a party considers to be irrelevant or nonresponsive." *Doe v. Trump*, 329 F.R.D. 262, 275 (W.D. Wash. 2018). Redactions are highly disfavored where there is a protective order in place. *Live Nation Merch., Inc. v. Miller*, 2014 WL 1877912, at *2 (N.D. Cal. May 9, 2014) ("[R]edactions of otherwise discoverable documents here are unwarranted because Live Nation's concern about protecting privacy interests and confidential/proprietary information could be addressed through a protective order. As courts have recognized, this type of unilateral redaction is disfavored, and a protective order could ensure the confidentiality of sensitive information."); *see also Evan v. Law Offices of Sidney Mickell*, 2010 WL 455476, at *2 n.1 (E.D. Cal. Feb. 3, 2010) ("Redaction is, after all, an alteration of potential evidence. The Federal Rules sanction only very limited unilateral redaction."); *United States v. McGraw-Hill Cos.*, 2014 WL 8662657, at *3 (C.D. Cal. Sept. 25, 2014) ("Several district courts have held that where a protective order is in place, the unilateral redaction of otherwise responsive documents is improper. . . . [I]f materials are already

Case No.:   5:20-cv-02087-EJD
ORDER RE PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING DISCOVERY OF CORPORATE BANK STATEMENTS

1   shielded by a protective order, unilateral redactions do little more than breed suspicion between
2   the parties, generate discovery disputes, and invite unnecessary intervention by the court.").
3       Here, there is a protective order in place and so Defendant's concern about the disclosure
4   of irrelevant information is afforded "slight deference." *Foundation for Global Sports Dev. v.*
5   *U.S. Oly. Comm.*, 2021 WL 6618556, at *9 (C.D. Cal. June 24, 2021). Notably, the discovery
6   order does not make any findings of confidentiality or privilege and Defendant Rancho Nuevo has
7   not explained what information in the bank records is privileged. The discovery order allows for
8   redactions without specifying why redactions are necessary. Similarly, in its response, Defendant
9   generically claims that redactions are necessary for privacy reasons but fails to specify what the
10  privacy interests are *or* why the protective order is not sufficient to protect those privacy interests.
11  *See* Opp.; *Olberg v. Allstate Ins. Co*, 2019 WL 6033699, at *2 (W.D. Wash. Nov. 14, 2019)
12  ("Absent a claim of privilege, Defendants' assertion that the material at issue is irrelevant to this
13  litigation is insufficient to justify their unilateral redactions of material from otherwise responsive
14  documents."). At bottom, the allowed redactions seem to be based on relevancy and
15  responsiveness, which is not permissible. *See, e.g.*, *Kellman v. Whole Foods Mkt. Cal., Inc.*, 2021
16  WL 4476779, at *2 (N.D. Cal. Sept. 30, 2021) (disallowing the defendant to make redactions
17  based *only* on "responsiveness or relevancy"); *Finjan, Inc. v. SonicWall, Inc.*, 2020 WL 4192285,
18  at *10 (N.D. Cal. July 7, 2020) ("A party generally may not redact or withhold from production
19  irrelevant portions of documents that also contain relevant and responsive information.").
20      The Court agrees with Plaintiffs that the redactions ordered will preclude review of
21  relevant and discoverable information. The bank records contain payments to Plaintiffs, collective
22  action members, and putative class members. The discovery order allows these payments, even
23  while relevant, to be redacted. This is excessive. These payments are relevant to demonstrate
24  both what payments were negotiated and to show economic dependence, a theory that is central to
25  Plaintiffs' case.

Case No.: 5:20-cv-02087-EJD
ORDER RE PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING DISCOVERY OF CORPORATE BANK STATEMENTS
4

1    Finally, the Court agrees that the discovery order improperly limits the time period of
2    Plaintiffs' request.  *See* ECF 73-1 (limiting time period to March 1, 2018, through November 30,
3    2018).  A central component of Plaintiffs' case theory is that they were economically dependent
4    on Defendants through the H-2A application process, *i.e.*, *before* they came to the United States to
5    participate in the H-2A program.  The H-2A petitions are stamped received by the Government on
6    January 14, 2018, ECF 1-2 at 2, and the petitions to import foreign workers were approved
7    February 20, 2018.  ECF 1-2 at 2 (showing clearance order issue date).  Also on February 20,
8    2018, Defendant West Coast Berry Farms was invoiced for $104,547.52 by Defendant Rancho
9    Nuevo.  The funds in Defendant Rancho Nuevo's possession, and the source of those funds, is
10   relevant both to demonstrate economic dependence *and* to show motive as expenses were incurred
11   well in advance of Plaintiffs' first day of work.  Moreover, the H-2A aspect of this case is
12   relevant.  The H-2A petitions, which are submitted between 60 and 75 days in advance of the first
13   anticipated day of work, are undoubtedly discoverable.  The discovery order erroneously denies
14   Plaintiffs discoverable information concerning the financial transactions occurring before
15   submission of the H-2A job order and during recruitment of the Plaintiffs in Mexico without
16   justification.  The order is therefore erroneous and cannot stand.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for relief and **ORDERS** Defendant Rancho Nuevo Harvesting to produce unredacted bank statements for the time period of November 1, 2017, to February 28, 2019.  This time period captures Defendants' pre and post contractual period payments.

**IT IS SO ORDERED.**

Dated: September 29, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-02087-EJD
ORDER RE PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE CONCERNING DISCOVERY OF CORPORATE BANK STATEMENTS