IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RAUL MAGANA-MUNOZ and JOSE SANTIAGO HERRERA-VERA, others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST COAST BERRY FARMS, LLC, RANCHO NUEVO HARVESTING, INC., and RANCHO HARVEST, INC.<br><br>Defendants. | CIVIL ACT. NO.: 5:20-cv-2087-EJD<br><br>[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CONSENT JUDGMENT AND STIPULATION FOR CLASS ACTION SETTLEMENT, AFFIRMATIVE RELIEF, AND RELEASE OF CLAIMS |

Plaintiffs' Motion for Final Approval of Consent Judgment and Stipulation for Class Action Settlement came for hearing on February 8, 2024. Good cause having been shown, Plaintiffs' Motion is GRANTED and IT IS HEREBY ORDERED:

1. The Court grants final approval of the Consent Judgment and Stipulation for Class Action Settlement, ECF 103-4, and finds the terms of the Consent Judgment to be fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the manner and amount of distributions to class members; and the non-monetary relief, including terms for rehire and remedial steps to be taken by Defendants Rancho Harvest and/or Rancho Nuevo Harvesting.

2.  The Court finds that adequate notice was provided to class members through the combination of mailed notice, a settlement website and phone number, and electronic WhatsApp messaging.  *See* ECF 126-1.  The Court finds this was the best notice practicable under the circumstances when noticing a class of foreign temporary agricultural laborers. The notice procedure provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members.

3.  The Court certifies, after the one opt-out, a final Settlement Class described in the Consent Judgment and Stipulation for Class Action Settlement, comprised of 292 persons that worked for Defendants under the terms of any of the job orders attached to the original complaint as Exhibits, B, C, and D with employment dates of April 25, 2018 to November 30, 2018, June 25, 2018 to October 31, 2018; and July 1, 2018 to October 31, 2018, respectively.

4.  The Court approves service payments to named Plaintiffs Raul Magana-Munoz and Jose Santiago Herrera-Vera in the amount of $7,500 each. The Court finds the service amounts to be reasonable.

5.  The Court appoints Dawson Morton and Santos Gomez of Law Offices of Santos Gomez as counsel for the Settlement Class and approves their fee petition in the amount of $206,250 and approves payment of costs in the amount of $21,510.30. The Court finds both amounts to be reasonable. Experienced Class Counsel has worked ably and actively to vindicate the class members' interests.

6.  The Court appoints Atticus Administration, LLC as the Settlement Administrator and approves payment to Atticus Administration for administration of the class in the amount of $22,000.

7.  The Class as conditionally certified by the Preliminary Approval Order meets all of the legal requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23 and the class is appropriate for final certification for settlement purposes.

8.  Considering strength of the case and the risks of further litigation, the Court views the $825,000.00 Settlement result as favorable for the class.

9.  There have been no objections to the settlement and only one request for exclusion.

10. Class members are achieving an average net recovery of over $1,898 each, which is significant for the low-wage workers in the case, and – according to Plaintiffs' counsel's estimations – amounts to an additional $91 of pay per week worked.

11. The Settlement was negotiated at arm's length, after contested motions were decided, and after three mediation sessions with retired judge Bonnie Sabraw.

The Court therefore **ORDERS** that the Settlement is **APPROVED** and the foregoing amounts shall be paid from the settlement fund. Additionally, the Consent Judgment and Stipulation for Class Action Settlement, Affirmative Relief and Release of Claims filed on the docket as ECF 103-4 is hereby entered as an order of this Court. Defendants shall fund the settlement within twenty days of this Order as provided for in the terms of Consent Judgment and Stipulation for Class Action Settlement.  ECF 103-4 at 9.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Consent Judgment and Stipulation for Class Action Settlement.

Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

This document shall constitute a FINAL JUDGMENT (and shall be deemed a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure. SO ORDERED, this 15th day of February, 2024.

EDWARD J. DAVILA
UNITED STATES DISTRICT
COURT JUDGE